In re AIR ILLINOIS, INC., Debtor.

AIR ILLINOIS, INC., Movant,

v.

UNITED STATES of America, FEDER-AL AVIATION ADMINISTRATION, Respondent.

Bankruptcy No. 84–40133.

United States Bankruptcy Court, S.D. Illinois.

June 24, 1985.

Joel A. Kunin, Gerald M. Burke, E. St. Louis, Ill., for movant.

Bruce Reppert, Asst. U.S. Atty., S.D. Ill., E. St. Louis, Ill., Chas. L. Schlumberger, Justice Dept., Washington, D.C., for respondent.

## ORDER

JAMES D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to a motion to cite for contempt filed on behalf of the above-named debtor by its attorney, Gerald M. Burke; Bruce E. Reppert and Charles L. Schlumberger representing the United States of America, Federal Aviation Administration (hereinafter "FAA"); being fully advised in the premises, the Court rules as follows:

Debtor seeks to have the FAA held in contempt of court for violating the automatic stay under 11 U.S.C. § 362(a). Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 16, 1984, and it is operating its business as a debtor-in-possession under the jurisdiction of this Court. Debtor contends that the FAA violated the automatic stay by revoking its landing and take-off privileges at O'Hare Field in Chicago, Illinois on August 3, 1984, without first seeking relief under the Bankruptcy Code or obtaining authorization from this Court. The FAA opposes debtor's motion on two grounds. First, the landing privileges are not property of the estate under 11 U.S.C. § 541 and therefore,

the automatic stay would not apply toward the government's actions. Second, notwithstanding the status of the landing privileges in debtor's bankruptcy estate, the FAA argues that the automatic stay is inoperable against its actions under § 362(b)(4) of the Code because the revocation of the landing privileges and the notices leading up to that action constitute enforcement of its police or regulatory power. Since the facts are not in dispute, judgment can be rendered solely as a matter of law.

Section 541 of the Bankruptcy Code sets forth the provisions of what constitutes property of debtor's estate. As of the commencement of a case, the debtor's estate includes "all legal or equitable interests of the debtor in property." In *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the Supreme Court recognized the legislative intent that § 541 be construed broadly, so as to confer a maximum benefit upon a debtor.

The FAA contends that the landing and take-off privileges, or "slots" are not property at all, and thus, the revocation of those rights is not within the purview of this Court. In support of its position, the FAA relies in part upon the Federal Aviation Act, which requires certification for air transportation. "No certificate shall confer any proprietary, property, or exclusive rights in the use of·any air space, federal airway, landing area, or air navigation facility." 49 U.S.C. § 1371(i). In *Pension Benefit Guaranty Corp. v. Braniff Airways, Inc., (In re Braniff Airways, Inc.)*, 700 F.2d 935 (5th Cir.1983), the Fifth Circuit ruled that the Bankruptcy Court did not have jurisdiction under 11 U.S.C. § 105 to protect a debtor airline's landing slots because those rights were not property of the estate.

[Special Federal Aviation Regulation's] establishing slots are "rules" as defined in the Administrative Procedure Act, and do not lose their character as rules because they modify airlines' claimed rights to slot allocations.· *Northwest Airlines, Inc. v. Goldschmidt*, 645 F.2d 1309, 1321 (8th Cir.1981).... The slots are actually restrictions on the use of property—airplanes; not property in themselves."

*In re Braniff Airways, Inc.*, 700 F.2d at 942 (footnote omitted). The Fifth Circuit also suggested for the sake of argument that even if the slots did constitute "a limited proprietary interest," the alienability of that interest was subject to the exclusive jurisdiction of the FAA. *Id.*

■ It would seem that the outcome of this issue would turn in part on what constitutes "property," for if the slots are not property they cannot constitute a part of debtor's estate. The generic, denotative meaning of property is "that which belongs exclusively to one.... The exclusive right of possessing, enjoying and disposing of a thing." Black's Law Dictionary 1095 (5th ed. 1979). As previously noted, § 1371 of the FAA enabling act clearly indicates that no proprietary interest is conveyed when an airline is authorized to use landing and take-off slots. Although the slots have great economic value to an airline, the controlling statute that creates the entitlement precludes a finding that those privileges are property.

■ The temptation to conclude that the slots are property of the estate under § 541 of the Code is a great one, especially considering the impact upon a debtor airline. Nevertheless, the provisions of the Code as to what is property of the estate are borrowing statutes, *i.e.*, the Code does not create any property rights, but rather it protects legal or equitable interests already in existence. The Court cannot overlook the plain meaning of 49 U.S.C. § 1371 in its restrictive definition of the rights conveyed when an airline is certified to navigate the airways. Furthermore, even if the slots were property of the estate, a debtor's rights would be hollow indeed. The alienation and creation of the slots is the exclusive province of the FAA, subject only to review by the United States Courts of Appeals. If the FAA choose to revoke a debtor's landing or take-off privileges, this

Court would be powerless to hinder the agency or review its decision no matter what the harsh consequences upon a reorganization.

The Court finds that the FAA's revocation of debtor's slots at O'Hare Field in Chicago, Illinois are not subject to this Court's review. The slots are not property of the debtor's estate under § 541 of the Code, and therefore, 11 U.S.C. § 362(a) is inapplicable toward the agency.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that debtor's motion to cite for contempt against the Federal Aviation Administration be, and the same hereby is, denied.